CASE 21-C-50          MERCER                          PAGE 0001

LAURA BALDWIN               VS. DISCOVER BANK

LINE    DATE    ACTION

```
   1 03/08/21  COMPLAINT FILED,SUMMONS ISSUED 30 DAYS TO    BY KA COMP/FIL
   2           ANSWER DISCOVER BANK OUT FOR SERVICE BY
   3           SECRETARY OF STATE, COPY TO JUDGE WILLIAM SADLER
   4           AND COPY TO ATTY
   5 03/08/21  PLAINTIFFS FIRST SET OF INTERROGATORIES      BY KA INTERROGAT
   6           AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO
   7           DEFENDANT;
   8 03/15/21  RETURN SERVICE OF SUMMONS AND COMPLAINT FOR  BY KA RTN/SERV
   9           DISCOVER BANK ACCEPTED FOR SERVICE BY SECRETARY
  10           OF STATE ON 3/10/21 @ 3:55;
```

THE FOREGOING IS A TRUE COPY OF A DOCUMENT
ENTERED IN THIS OFFICE ON THE _2nd_ DAY
OF _April_ 20 _21_
DATED THIS _2nd_ DAY OF _April_
20 _21_

JULIE BALL, CLERK OF THE
CIRCUIT COURT OF MERCER COUNTY WV

BY _____
HER DEPUTY


EXHIBIT
A

# KLEIN & SHERIDAN, LC
## ATTORNEYS AT LAW

3566 Teays Valley Road
Hurricane, WV 2556
Tel: (304) 562-7111
Fax: (304) 562-7115

bsheridan@kswvlaw.com
mpatrick@kswvlaw.com

*Via First-Class Mail*

March 5, 2021

Julie Ball
Mercer County Courthouse
1501 Main Street
Princeton, WV 24740

FILED

MAR 08 2021

JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

21-C-50-WS

RE:   **Baldwin v. Discover Bank**
     **Circuit Court of Mercer County, West Virginia**

Dear Clerk Ball:

Please find enclosed for filing the following, including 1 original version and 2 copies:

- Civil Case Information Sheet
- Complaint
- Summonses
- Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant

Please also find enclosed two checks for processing:

- Check No. 11545 for $205.00, made payable to the Mercer County Circuit Clerk for filing and mailing fees
- Check No. 11546 for $20.00, payable to the WV Secretary of State for Service of Process.

Thank you for your kind attention to this matter. If you have any questions, please feel free to contact our office.

Sincerely,

$205.00 CK to clerk
out for service by Sec of St

Amanda Stevens
Paralegal to Benjamin M. Sheridan

/als
Enclosures

2

FILED

MAR 0 8 2021

CLERK CIRCUIT COURT
MERCER COUNTY

**IN THE CIRCUIT COURT OF**      **MERCER**      **COUNTY, WEST VIRGINIA**

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

| | |
|---|---|
| **Plaintiff(s)** | Case No. 21-C-50 |
| Laura Baldwin | Judge: William Sadler |

| | Days to Answer | Type of Service |
|---|---|---|
| **vs.** | | |
| **Defendant(s)** | | |
| Discover Bank | 30 | WV Secretary of State |
| Name | | |
| CT Corporation System / 1627 Quarrier St. | | |
| Street Address | | |
| Charleston, WV 25311 | | |
| City, State, Zip Code | | |

**II. TYPE OF CASE:**

- [✓] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other:
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other:

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [ ] Yes [ ] No   CASE WILL BE READY FOR TRIAL BY (Month/Year):    /

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [✓] No

**IF YES, PLEASE SPECIFY:**
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

| | Representing: |
|---|---|
| Attorney Name: Benjamin M. Sheridan and Jed Nolan | [✓] Plaintiff   [ ] Defendant |
| Firm: Klein & Sheridan, LC | [ ] Cross-Defendant [ ] Cross-Complainant |
| Address: 3566 Teays Valley Rd. Hurricane, WV 25526 | [ ] 3rd-Party Plaintiff [ ] 3rd-Party Defendant |
| Telephone: (304) 562-7111 | |

[ ] **Proceeding Without an Attorney**

Original and   2   copies of complaint enclosed/attached.

Dated: 03 / 05 / 2021    Signature: _____

**SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)**      Revision Date: 12/2015

FILED

MAR 0 8 2021

JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

**IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA**

LAURA BALDWIN

        Plaintiff,

vs.                                        Civil Case No. 21-C-50-ws

DISCOVER BANK,

        Defendant.

## COMPLAINT

1.  This complaint involves abusive and harassing debt collection. Plaintiff Laura Baldwin advised Defendant Discover Bank that she could no longer pay and asked Discover to stop calling her cell phone, yet she was constantly bombarded with repeated debt collection calls. Plaintiff brings this action for monetary relief from the harassment.

## PARTIES

2.  Plaintiff Laura Baldwin resides in Princeton, WV.

3.  Defendant Discover Bank ("Discover") is a credit lender with a principal place of business at 502 E. Market Street, Greenwood, DE, 19950.

## FACTS

4.  After the Plaintiff became in arrears upon the alleged indebtedness to the Defendant, Discover Bank, upon account ending in 3326, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiff, by written communications and did otherwise communicate with Plaintiff to collect the alleged debt.

5.  Thereafter, the Defendant caused a telephone collection call to be placed to Plaintiff's cell phone on or about February 6, 2020. During the telephone call, Plaintiff told the Defendant's employee that Plaintiff could not pay the debt and to stop calling her cell phone.

1

6.  Thereafter, Defendant continued to cause telephone calls to be placed to the Plaintiff on her cell phone.

7.  The Defendant maintains records of each call placed to the Plaintiff's cell phone by date, time called, duration of call, the identity of the Defendant's employee and notes or codes placed upon such record by the Defendant's employee.

8.  Such records will reflect that the Defendant placed telephone calls to the Plaintiff's cellular telephone number after she said she could not pay and requested that the calls stop.

9.  As the result of Defendant's conduct, Plaintiff has suffered mental and emotional pain, anguish, humiliation, and embarrassment of unwanted harassment.

## COUNT I - ILLEGAL DEBT COLLECTION

10.   The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

11.   The Defendant has engaged in repeated violations of Article 2 of the West Virginia Consumer Credit and Protection Act, including but not limited to,

    a)   engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff in violation of West Virginia Code §46A-2-125; and

    b)   causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of West Virginia Code §46A-2-125(d).

12.    As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

2

**WHEREFORE**, plaintiffs respectfully request the following relief:

(a)   An award of actual damages, including damages for embarrassment, loss of privacy, mental anguish, distress, worry, anxiety, humiliation;

(b)   Maximum civil penalties for each separate violation of these statutes, pursuant to West Virginia Code sections 46A-5-101(1) & -106;

(c)   Reasonable attorney fees and the costs of this litigation;

(d)   Such other relief to which plaintiffs may be entitled in law or equity.

## COUNT II – COMMON LAW INVASION OF PRIVACY

13.   The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

14.   The Plaintiff has an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiff's home.

15.   The acts of the Defendant in placing telephone calls to Plaintiff's home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

16.   As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

17.   As a result of the Defendant's action, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)   Actual damages;

(b)   Maximum civil penalties for each violation pursuant to West Virginia Code sections 46A-5-101(1) & 106.

(c)   Reasonable attorneys' fees and the costs of this litigation; and

3

(d)     Such other relief as the Court deems equitable and just.

## COUNT III – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

18.     The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

19.     The Plaintiff is a person who falls under the protection of the Telephone Consumer Protection Act, 47 USC §227 et seq.

20.     Within the four year period immediately preceding this action, the Defendant used an automatic telephone dialing system and/or artificial recorded voice, as defined by 47 USC §227(a)(l), to place unsolicited advertisements and telephone solicitations, as defined by 47 USC §227(a)(4)-(5), to the Plaintiff on a cellular phone.

21.     Plaintiff expressly revoked any authorization the Defendant may have had to make calls to the Plaintiff using an automatic telephone dialing system or artificial recorded voice in February 2020.

22.     The Defendant has engaged in repeated violations of the Telephone Consumer Protection Act, including but not limited to, placing unauthorized telephone calls to Plaintiff's cellular telephone using any automatic telephone dialing system or an artificial or pre-recorded voice in violation of the TCPA, 47 U.S.C. § 227(b)(l)(A)(iii) and 47 C.F.R. 64.1200(a)(l)(iii).

23.     The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

24.     As a result the violations of law as aforesaid, Plaintiff was inconvenienced, aggravated, angered and otherwise sustained damages.

25.     The acts of the Defendant as aforesaid entitle the Plaintiff to recover actual damages as well as $500.00 damages for each violation, whichever is greater pursuant to 47 USC

4

§227(b)(3). Moreover, Plaintiff is entitled to trebled statutory damages as the Defendant acted willfully or knowingly in violating the TCPA.

26.     Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to 47 USC §227(b)(3)(a).

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Plaintiff, LAURA BALDWIN
                by counsel,

Benjamin M. Sheridan (# 11296)
    ben@kleinsheridan.com
Jed R. Nolan (#10833)
    jed@kleinsheridan.com
*Counsel for Plaintiffs*
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111

5



IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

**LAURA BALDWIN**

        **Plaintiff,**

**vs.**                               Civil Case No. 21-C-**50**-WS

**DISCOVER BANK,**

        **Defendant.**

**SUMMONS**

To the above-named DEFENDANT:    **Discover Bank**
                                        **C/O CT Corporation System**
                                        **1627 Quarrier St.**
                                        **Charleston, WV 25311**

IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and are required to serve upon **Benjamin M. Sheridan and Jed Nolan, Plaintiff's attorneys**, whose address is: **Klein & Sheridan, LC, 3566 Teays Valley Road, Hurricane, WV 25526,** an answer, including any related counterclaim, or any other claim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **thirty (30)** days after service of this summons upon you, exclusive of the date of service. If discovery is attached, you are further required to file a response to attached discovery within **forty-five (45)** of the service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim, or any other claim in the above-styled action.

DATED: March 8th , 20 21

                                        *Julie Ball*
                                        Clerk of Court

FILED

MAR 0 8 2021

~~BALL~~
CLERK CIRCUIT COURT
MERCER COUNTY

IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

Laura J. Baldwin,

**PLAINTIFF,**

CIVIL ACTION NO. 21-C-50-WS

Discover Bank,

**DEFENDANT.**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

### *Request for Production of Documents*

1.    Please produce all records of any telephone calls placed by or on behalf of Defendant to the Plaintiff during the forty-eight months preceding the filing of this lawsuit. (Note: The word "placed" as used in this interrogatory, means caused a telephone to ring, regardless of whether the call was answered):

**RESPONSE:**

2.    Please produce all records of incoming telephone calls or letters associated with Plaintiff's account.

**RESPONSE:**

3.    If the Defendant asserts the defense set forth in *West Virginia Code* §46A-5-101(8), that any violation of *West Virginia Consumer Credit and Protection Act* was unintentional or the

Page **1** of **10**

result of a *bona fide* error of fact, notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error, please produce the following:

      a.  Any document outlining the maintenance of such procedures;

      b.  Any document relating to the implementation of such procedures;

      c.  Any document relating to the training of persons employed to make collection calls to consumers in West Virginia pursuant to such procedure; and

      d.  Any document relating to ensuring compliance by Defendant's employees with such procedure.

      **RESPONSE:**

4.    Please produce all written communications and copies of any e-mail communications relating to Plaintiff's account.

      **RESPONSE:**

5.    Please produce all recordings of conversations between the Plaintiff's counsel and employees or agents of the Defendant.

      **RESPONSE:**

6.    Please produce the contract or agreement between the Defendant and any third party, contractor or subcontractor which made or received any telephone calls relating to Plaintiff's account.   Please also state whether the telephone call was placed by a human being

or a computer and whether or not a human being was available on the other end of the call to speak with Plaintiff immediately upon connection with the Plaintiff.

**RESPONSE:**

7.    Please produce the contract, contracts, or written agreements with any third party collection agency and/or independent contractors which communicated or attempted to communicate with the Plaintiff in relation to the Plaintiff's obligation to Defendant.

**RESPONSE:**

8.    Produce any and all documents with any collection agent (third party or otherwise) and/or independent contractor relating to the Plaintiff's account for the last three (3) years.

**RESPONSE:**

9.    Please produce any all recordings between the Defendant and Plaintiff.

**RESPONSE:**

10.    Please produce any contracts, agreements, or other memorandum which the Defendant contends represent a contractor or agreement between the Plaintiff and the Defendant or the Defendant's principle resulting in a debt obligation owed by the Plaintiff to the Defendant or the Defendant's principle.

**RESPONSE:**

3

11.   Please produce any documents in the Defendant's possession which bears or purports to bear, or the Defendant has any reasonable basis to believe may contain the Plaintiff's signature.

**RESPONSE**:

12.   Please produce any documents the Defendant intends to use at trial, any hearing, or in any deposition.

**RESPONSE**:

## *Interrogatories*

1.   For the period beginning two years prior to the filing of this suit, list each telephone call placed by or on behalf of Defendant to Plaintiff or any telephone number the Defendant has associated with the Plaintiff in its records, or any telephone call by or on behalf of Plaintiff to Defendant, and as to each such call provide the following data:   (Note: The word "placed," as used in this interrogatory, means caused a telephone to ring, regardless of whether the call was answered):

a.   The date and time such call was placed or received (please indicate the time zone and/or the differential in time between the time stated and Eastern Standard Time);

b.   The duration of such telephone call in seconds;

4

c. Whether such phone call made by Defendant to Plaintiff was placed by computer or a person. If placed by a person, indicate the full name of such person and his or her employee ID or code as it would appear on entries made upon any record of such telephone calls or conversations;

d. A verbatim recitation of any note or account created with respect to each call and, if shorthand abbreviations or code is used in such verbatim recitation, please provide the actual words or meanings indicated by the shorthand, code or abbreviations;

e. Whether such telephone call was recorded, and if so, whether the recording still exists; and

f. If the telephone call was recorded, but the recording of such telephone call no longer exists, state when the recording was erased or destroyed, why it was erased or destroyed, and by whom.

**[Please note that the three presiding judges in the 10th Judicial Circuit have ruled that a reference to business records in lieu of a narrative response to this interrogatory is not appropriate under WVRCP 33(d) "Option to Produce Business Records" as the burden of deriving or ascertaining the answer from such records is not substantially the same for the Plaintiff as for the Defendant.]**

**<u>RESPONSE</u>:**

2. If this Defendant asserts the defense set forth in *West Virginia Code* §46A-5-101(8), that any violation of the *West Virginia Consumer Credit and Protection Act* was

unintentional or the result of a *bona fide* error of fact, notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error, please provide the following:

      a.  State the substance of every such procedure;

      b.  The date or dates such procedure was implemented;

      c.  State how Defendant ensures that its employees placing phone calls to consumers in West Virginia understand and follow all such procedures;

      d.  Identify by date, agent or employee, and action, each possible unintentional violation of the *West Virginia Consumer Credit and Protection Act* in Defendant's dealings with Plaintiff;

      e.  Explain how such unintentional violation occurred, notwithstanding the maintenance of procedures reasonably adapted to avoid such unintentional violation;

      f.  Identify by date, agent or employee, and fact, each violation of *the West Virginia Consumer Credit and Protection Act* in Defendant's dealings with Plaintiff which was the result of a bona fide error of fact; and

      g.  Explain how such bona fide error of fact occurred, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

      **RESPONSE:**

3.     On what date or dates, by what means, and to what agents or employees of Defendant did it appear that Plaintiff was represented by an attorney.

      **RESPONSE:**

6

4.     Does the Defendant have any recordings of conversations between its employees and Plaintiff or Plaintiff's counsel?   If so, please identify by date and time all such recorded conversations.

**RESPONSE:**

5.     Did this Defendant assert the *bona fide* error defense set forth in *West Virginia Code* §46A-5-101(8) in any other litigation in a West Virginia state court or a West Virginia federal court in the last five years?   If so, provide:

    a.   The style of the case;

    b.   The case number; and

    c.   Describe the document in which such defense was asserted.

**RESPONSE:**

6.     With respect to each telephone call made to Plaintiff's telephone, please indicate whether such call was placed by an employee of the Defendant, or by another person or entity. If such call was placed by any person or entity other than an employee of the Defendant, identify such person or entity.

**RESPONSE:**

7

7.    Identify by style of the case, case number and jurisdiction any claims filed in state or federal court against this Defendant which allege violation of *West Virginia Code* §46A-2-123, *West Virginia Code* §46A-2-124, *West Virginia Code* §46A-2-125,   *West Virginia Code* §46A-2-126,   *West Virginia Code* §46A-2-127 or *West Virginia Code* §46A-2-128.

**RESPONSE:**


8.    State the names and addresses of all supervisory personnel who controlled the employees who communicated or attempted to communicate with the Plaintiff and indicate the names of each employee and their corresponding supervisor(s).

**RESPONSE:**


9.    Please indicate whether any third party collection agency and/or independent contractors were used in the collection of this/these accounts in the last three (3) years. If such debt collector and/or independent contractors were used please provide the name, address and date said debt collection agency and/or independent contractor was used.

**RESPONSE:**


10.    If the Answer to the preceding Interrogatory was in the affirmative, please provide the names and home/mailing addresses of all employees of such debt collection agency and/or independent contractor, past and present, supervisory or non-supervisory, who communicated with the Plaintiff directly or indirectly.

8

**RESPONSE:**

11.   Please identify, by date and parties thereto, any contract, contracts, or written agreement(s) with any debt collection agency and/or independent contractor that communicated either directly or indirectly with the Plaintiff and/or supervised such communication and

a.   indicate the page and/or paragraph of such document which requires compliance with West Virginia law in the collection of debts, and

b.   indicate the page and/or paragraph of such document that may relate to such entity's duty to defend or indemnify the Defendant.

**RESPONSE:**

12.   Please provide all telephone numbers that the Defendant has used to call the Plaintiff or anyone the Defendant has a reasonable basis to believe was residing with the Plaintiff at any time during the four years preceding the filing of this lawsuit.   Please include in your response the identify of the telephone company the Defendant has or had that number with and the Defendant's account number with that telephone company.

**RESPONSE:**

13.   Please identify with specificity, any documents that the Defendant believes will require a protective order for production, and the reason for said protective order for each document so identified.

9

**RESPONSE**:

LAURA J. BALDWIN,
BY COUNSEL

Benjamin M. Sheridan (# 11296)
    ben@kleinsheridan.com
Jed R. Nolan (#10833)
    jed@kleinsheridan.com
*Counsel for Plaintiffs*
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111

10

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

Julie Ball
Mercer County Courthouse
1501 Main St. Suite 111
Princeton, WV 24740

**FILED**

MAR 1 5 2021

JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

**Control Number:** 272366
**Defendant:** DISCOVER BANK
1627 QUARRIER ST.
CHARLESTON, WV 25311 US

**Agent:** C. T. Corporation System
**County:** Mercer
**Civil Action:** 21-C-50
**Certified Number:** 92148901125134100003096126
**Service Date:** 3/10/2021

I am enclosing:

**1 interrogatories, 1 request for production, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document
directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

RETURN USE ONLY

IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

**LAURA BALDWIN**

      **Plaintiff,**

**vs.**

**DISCOVER BANK,**

      **Defendant.**

```
┌─────────────────────┐
│      FILED          │
│   MAR 1 5 2021      │
│    JULIE BALL       │
│ CLERK CIRCUIT COURT │
│   MERCER COUNTY     │
└─────────────────────┘
```

Civil Case No. 21-C-50-WS

## SUMMONS

To the above-named DEFENDANT:

      **Discover Bank**
      **C/O CT Corporation System**
      **1627 Quarrier St.**
      **Charleston, WV 25311**

IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and are required to serve upon **Benjamin M. Sheridan and Jed Nolan, Plaintiff's attorneys**, whose address is: **Klein & Sheridan, LC, 3566 Teays Valley Road, Hurricane, WV 25526,** an answer, including any related counterclaim, or any other claim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **thirty (30)** days after service of this summons upon you, exclusive of the date of service. If discovery is attached, you are further required to file a response to attached discovery within **forty-five (45)** of the service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim, or any other claim in the above-styled action.

DATED: March 8th, 20 21

                                         _Julie Ball_
                                         Clerk of Court
                                         By Her Deputy
                                         _Kaitlyn Anderson_